**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 27, 2004**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30384

UNITED STATES OF AMERICA

Plaintiff–Appellee

VERSUS

MICHAEL WILLIAMS, also known as Sealed Defendant #1

Defendant–Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
(02-CR-68)

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant Michael Williams ("Williams") challenges the district court's denial of his motion to suppress and his 43 month sentence for Possession of a Firearm by a Convicted Felon under 18 U.S.C. § 922(g)(1). Williams entered, and the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

approved, a conditional guilty plea to the firearm charge allowing defendant to challenge on appeal the denial of his motion to suppress.

Williams argues that his initial arrest for drinking alcohol in his van parked in a private parking lot was unjustified, thus rendering the resulting seizure of a handgun incident to the arrest invalid. Defendant asserts that drinking in a vehicle is not a violation of Baton Rouge City Ordinance, as the government avers, and therefore the police were not objectively justified in arresting him.

Where officers operate under a mistake of law in making an arrest, items seized pursuant to that arrest may not be suppressed under the good faith exception where the mistake is a reasonable one. *United States v. Lopez-Valdez*, 178 F.3d 282, 289 (5th Cir. 1999); *United States v. Williams,* 622 F.2d 830, 841 n.4a (5th Cir. 1980) (en banc) ("We emphasize that the [good faith] belief . . . must be grounded in an objective reasonableness. It must therefore be based upon articulable premises sufficient to cause a reasonable, and reasonably trained, officer to believe that he was acting lawfully.").

In this case a reasonably trained officer could reasonably believe that drinking alcohol in a motor vehicle was a violation of Baton Rouge City Code § 13:1018.1(b): "it shall be unlawful for any operator of any motor vehicle or any passenger in any motor vehicle

2

to drink, consume or be in possession of any [open container of alcohol] . . . except when such [open container] shall be kept in the trunk . . . or . . . in some area of the vehicle not normally occupied by the driver or passengers . . . ." Therefore the good faith exception applies to the officers' actions in this case and the motion to suppress was properly denied.

Williams also challenges his 43 month sentence. He complains that the district court improperly counted a prior misdemeanor conviction for negligent injury in its criminal history calculation.

Misdemeanors *are* included in the criminal history calculation unless they are listed in or similar to those listed in sentencing guideline 4A1.2(c), U.S. Sentencing Guidelines Manual. Negligent injury is not one of the crimes listed in the guideline and none of the crimes listed is remotely similar to negligent injury. Therefore, the judge correctly considered the prior misdemeanor conviction.

For the reasons stated above, the district court correctly denied Williams's motion to suppress and we therefore affirm his conviction. We also affirm Williams's sentence.


AFFIRMED.